Gerald F. JONES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-73-1.

Court of Criminal Appeals of Oklahoma.

July 2, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Gerald F. Jones, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF-72-2018,

for the offense of Robbery With Firearms, After Former Conviction of a Felony, his punishment was fixed at fifty (50) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial James Robertson testified that on August 21, 1972, he was employed at a Hudson Service Station at 8116 N. Western in Oklahoma City; that shortly after 3:00 a. m., a car driven by a black male pulled into the driveway of the station. As he approached the car, the driver, whom he identified in court as defendant, pointed a shotgun at him and demanded his money. He gave the defendant the money on his person and was ordered to turn around and face the building with his hands up. After the car drove off, he called the police, giving them a description of a white and tan new automobile and identified the gun as a .22 caliber rifle.

Officer Charles Rosson testified that at approximately 3:10 a. m. he received a radio transmission concerning an armed robbery at 8400 N. Western. He started driving south on Western toward the location when he observed a Village Police Car following a white over brown Dodge. He passed both cars and then slowed up, allowing the Dodge to pass him. As the Dodge passed he observed that the driver fit a rough description of the robbery suspect. He turned on his red light and the Dodge immediately accelerated. He pursued after the car, requesting assistance by radio. The Dodge ran a roadblock at 63rd and Eastern where the officers manning the roadblock fired at the vehicle. The car swerved out of control and the driver fled. He identified defendant as the driver of the Dodge. On cross-examination he testified that the radio dispatch indicated that the suspect's car was a white over red Oldsmobile.

Officer Cooper testified that he attempted to set up a roadblock at 63rd and Eastern. The Dodge ran the roadblock and he and the other officers opened fire at the vehicle. The Dodge lost control and the driver fled on foot. A twenty gauge shotgun was found in the backseat of the Dodge.

Officer Barber identified pictures taken at the site of the crash. He lifted two latent fingerprints from the Dodge, which were identical to known fingerpints of the defendant.

Officer Woodie testified that he checked the tag registration of the Dodge to defendant's mother.

The defendant testified that at the time of his arrest he was employed by Loyd Electric as a residential wireman; that he had previous convictions for armed robbery and three offenses of unauthorized use of a motor vehicle; that on the night in question he was using his mother's car and went to Claudia Henderson's about 12:30 or 1:00 a. m. where he spent the night. The following morning he woke up about 10:30 and noticed that his mother's car was missing. He called his mother and she informed him that her car was involved in a robbery. His mother took him to the police station and he turned himself in. He denied robbing the Hudson Station and denied knowledge of how the shotgun got into the car.

Lucille Jones, the defendant's mother, testified that she received a call from the police about 9:30 a. m. that her car had been involved in a robbery and was impounded. Approximately thirty minutes later, the defendant called her and asked if she had picked up her car. She picked the defendant up shortly after 2:00 p. m. at Claudia Henderson's and took him to the police station.

In rebuttal, Claudia Henderson testified that she first saw the defendant on August 21, sometime after daylight. She denied that the defendant spent the previous night at her house.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty

as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts.

 The final proposition contends that the punishment is excessive. Considering that this is the defendant's fifth felony conviction, we cannot conscientiously say that the punishment imposed shocks the conscience of this Court. The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.